## ELLIS COUNTY MUT. AID INS. ASS'N v. ALEXANDER. (No. 735.)

Court of Civil Appeals of Texas. Waco.
Dec. 6, 1928.

Rehearing Denied Jan. 24, 1929.

Mark Smith, of Waxahachie, for appellant.
Tom Whipple and Lem Wray, both of Waxahachie, for appellee.

BARCUS, J. Appellee instituted this suit against appellant, a mutual aid insurance association, to recover $1,000 which he claimed he was entitled to by having lost the sight of one eye. The cause was tried to a jury, and at the conclusion of the testimony the court instructed the jury to return a verdict for appellee for $1,000 and interest.

The only testimony offered on the trial of the case was the certificate of membership held by appellee in the insurance association, and the testimony of Dr. Daniel. The only portion of the membership certificate which in any way relates to the obligation of said association to pay the holder of the certificate is as follows: "This association shall pay, when received by it from the members thereof, to the holder of the certificate of membership, the sum of $1.00 for each and every member thereof in good standing, but in no instance to exceed the sum of $1,000.00, if such member should by accident, injury or illness or other causes lose both hands, both feet, both eyes, one hand, one foot or one eye. There shall be no other liability rest on this association other than herein stated." The membership certificate was issued to appellee on August 22, 1921. Dr. Daniel testified that in September, 1926, he examined appellee and found that the sight in his left eye was practically gone; that he had sufficient vision in said eye to tell when an object was moved in front of it, but could not discern what the object was; that the vision in that eye was hopelessly lost. He testified that he again examined appellee in July, 1927, and that the condition of his eye was practically the same as in 1926. He testified that he could not tell from his examination how long the eye had been hurt or injured, whether it had been as long as 10 years or 30 years previous to said examination; that it was possible the eye could have been in as bad shape as it then was for 10 or 12 years previous to that time.

Appellant contends that the evidence is not sufficient to entitle appellee to recover, because it does not show that he lost the sight of said eye after the certificate of membership was issued in 1921, and that if it could be said there was any evidence relative to when the loss of sight occurred, it raised an issue of fact to be determined by the jury. We sustain this assignment. Under the provisions of the insurance contract, appellee was not entitled to recover for the loss of an eye unless he lost same after the certificate was issued. Neither he nor any one else offered to testify as to when he lost the vision in said eye or what caused same. From Dr. Daniel's testimony the eye might have been in the same condition in which he found it in 1926, and again in 1927, for 10 or even 30 years. Under this state of the evidence, the court was not authorized to hold as a matter of law that appellee had lost the vision in said eye after the certificate was issued in 1921.

The other questions raised by appellant will not likely arise on another trial.

For the error indicated, the judgment of the trial court is reversed and the cause remanded.